816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
C. Lester EDWARDS, Plaintiff-Appellant,
v.
UNION CARBIDE CORPORATION, a foreign corporation; Suzanne
Hallenberg, Defendant-Appellee.
 No. 86-2565.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1987.
Decided April 6, 1987.
 
 Before SPROUSE and WILKINSON, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 Alexander J. Ross (Thomas A. Brown; Ross, Brown & Juba, on brief), for appellant.
 David Dale Johnson, Jr. (Cheryl Harris Wolfe; Albert F. Sebok; Jackson, Kelly, Holt & O'Farrell, on brief), for appellees.
 PER CURIAM:
 
 
 1
 C. Lester Edwards, a West Virginia employee of Union Carbide Corporation, appeals from the district court's grant of summary judgment in favor of Union Carbide and Suzanne Hallenberg on Edwards' claim against them for malpractice.[1] We affirm.
 
 
 2
 In his complaint, Edwards alleged that Hallenberg, a personnel counselor and Union Carbide employee, counseled him and his wife concerning their domestic difficulties. He asserted that Hallenberg accused him of committing "emotional incest" with his daughter and advised his wife to seek a divorce. Hallenberg's comments concerning "emotional incest" were made in September 1982, and her advice to Edwards' wife concerning divorce was given on two occasions in September and October 1982. Edwards, however, did not file his complaint until December 20, 1984--more than two years after Hallenberg's statements.
 
 
 3
 In granting the defendants' motions for summary judgment, the district court ruled that Edwards' malpractice claim was barred by West Virginia's two-year statute of limitations. W.Va.Code Sec. 55-2-12.[2] On appeal, Edwards contends that his complaint alleges a continuous course of action by Hallenberg from September 1982 until January 1983 (the date when Hallenberg last counseled him), and thus the limitations period did not begin to run until January 1983. In support of his position, Edwards refers to that portion of his complaint in which he alleges that Hallenberg "at all times ... intentionally acted against the interests of plaintiff with utter disregard and callous indifference to the consequences."
 
 
 4
 We find no support for Edwards' position under West Virginia law and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The district court also granted summary judgment in favor of Union Carbide and Hallenberg on Edwards' claims against them for defamation and intentional infliction of emotional distress. Edwards did not appeal that part of the district court's decision
 
 
 [2]
 Section 55-2-12, West Virginia's statute of limitation for miscellaneous personal actions, provides in pertinent part:
 Every personal action for which no limitation is otherwise prescribed shall be brought: ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries....